RECEIPT # 52945
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

Case 1:04-cv-10331-NMG    Document 1    Filed 02/18/2004    Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROYAL AND SUNALLIANCE USA, INC. )
as subrogee of HUIB and BRENDA GEERLINGS )
9300 Arrowpoint Boulevard )
Charlotte, NC  28273-8135, )
)            04-10331JLT
Plaintiff, )
v. )
)            MAGISTRATE JUDGE_____
127 CHARLES STREET CONDOMINIUM ) COMPLAINT
ASSOCIATION TRUST )
127 Charles Street )
Boston, MA  02114 )
)
and )
)
CROWN CLEANERS, INC. ) **JURY TRIAL DEMANDED**
127 Charles Street )
Boston, MA  02114, )
)
Defendants. )

Plaintiff, Royal and Sunalliance USA, Inc., by and through its counsel, hereby asserts, upon information and belief, as follows:

**THE PARTIES**

1.  Plaintiff, Royal and Sunalliance USA, Inc. [hereinafter "Royal"], is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 9300 Arrowpoint Boulevard, Charlotte, North Carolina.

2.  At all times material hereto, Plaintiff Royal was engaged in the business of issuing property insurance and was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3.  At all times material hereto, Defendant 127 Charles Street Condominium Trust ["Condo Trust"], was an entity organized and existing under the laws of the

Commonwealth of Massachusetts, with its principal place of business at 127 Charles Street, Boston, Massachusetts.

4. At all times material hereto, Defendant Crown Cleaners, Inc. [hereinafter "Crown Cleaners"], was a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 127 Charles Street, Boston, Massachusetts.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332 as this action is between citizens of different states and the amount of controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the events or omissions giving rise to the claims at issue herein occurred within the district and defendants are subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates, by reference, the preceding paragraphs.

8. At all times material hereto, Mr. Huib and Mrs. Brenda Geerlings owned the real and personal property at 129 Charles Street, Boston, Massachusetts [hereinafter the "residence"].

9. At all times material hereto, Plaintiff Royal insured the Geerlings' property interests at their residence.

10. At all times material hereto, Defendant Condo Trust owned, operated and/or managed the property located at 127 Charles Street, Boston, Massachusetts.

11. At all times material hereto, Defendant Crown Cleaners occupied the ground floor of 127 Charles Street, where it operated a dry-cleaning/laundry business.

12. The 127 Charles Street property and at the Geerling residence share an adjoining/common wall.

13. On or before Thursday, June 19, 2003, water and/or sewage discharged from the 127 Charles Street property and entered the Geerlings' residence.

14. On or about Thursday, June 19, 2003, the Geerlings reported the discharge to City of Boston public officials.

15. On or about Saturday, June 21, 2003, a continued volume of water and/or sewage discharge entered the residence, causing extensive damage to the property of the Geerlings, as well as rendering the property temporarily uninhabitable.

16. Given the damage, the Geerlings submitted a claim to Plaintiff Royal and, pursuant to the terms and conditions of the policy of insurance, Plaintiff Royal paid to the Geerlings an amount in excess of $75,000.00, representing the fair and reasonable value and costs of the damages sustained, as covered under the applicable policy.

17. To the extent of its payment, Royal is subrogated to the rights of the Geerlings.

## COUNT I–NEGLIGENCE – DEFENDANT CONDO TRUST

18. Plaintiff incorporates its previous averments, by reference.

19. The water/sewer discharge and resulting damage was caused by the negligence, carelessness, recklessness, negligent omissions, and/or gross negligence of Defendant Condo Trust, acting by and through its employees, agents and/or servants, acting within the scope and course of their employment, as follows:

   a. failing and properly and adequately maintain its water and/or sewage lines;

   b. failing to respond to water and/or sewage discharges in a prompt, timely and/or proper manner;

  c. failing to properly repair and adequately maintain its property;

  d. causing or allowing a blockage to a water and/or sewer line;

  e. failing to properly respond to water/sewer discharge incidents;

  f. failing to hire proper and adequate employees, agents and/or contractors;

  g. failing to take proper and necessary preventive measures to prevent continued water/sewer discharges; and

  h. otherwise failing to use due care, as may be disclosed in the course of discovery.

WHEREFORE, Plaintiff, Royal, as subrogee of the Geerlings, respectfully requests that judgment be entered in its favor and against Defendant Condo Trust, in an amount in excess of $75,000.00, together with interest from the date of the loss, and such further relief as the Court may allow.

### COUNT II– TRESPASS – CONDO TRUST

20. Plaintiff incorporates its previous averments, by reference.

21. The water/sewage discharge and resulting damage constitutes a trespass, for which Defendant Condo Trust is liable.

WHEREFORE, Plaintiff Royal, as subrogee of the Geerlings, respectfully requests that judgment be entered in its favor and against Defendant Condo Trust, in an amount in excess of $75,000.00, together with interest from the date of the loss, and such further relief as the Court may allow.

### COUNT III– NUISANCE – CONDO TRUST

22. Plaintiff incorporates its previous averments, by reference.

23. The water/sewage discharge and resulting damage constitutes a nuisance, which Defendant Condo Trust caused and/or allowed to exist and for which defendant is liable.

WHEREFORE, Plaintiff Royal, as subrogee of the Geerlings, respectfully requests that judgment be entered in its favor and against Defendant Condo Trust, in an amount in excess of $75,000.00, together with interest from the date of the loss, and such further relief as the Court may allow.

### COUNT IV–NEGLIGENCE – DEFENDANT CROWN CLEANERS

24. Plaintiff incorporates its previous averments, by reference.

25. The water/sewer discharge and resulting damage was caused by the negligence, carelessness, recklessness, negligent omissions, and/or gross negligence of Defendant Crown Cleaners, acting by and through its employees, agents and/or servants, acting within the scope and course of their employment, as follows:

   a. failing and properly and adequately maintain its water and/or sewage lines;

   b. failing to respond to water and/or sewage discharges in a prompt, timely and/or proper manner;

   c. failing to properly repair and adequately maintain its property;

   d. causing or allowing a blockage to a water and/or sewer line;

   e. failing to properly respond to water/sewer discharge incidents;

   f. failing to hire proper and adequate employees, agents and/or contractors;

   g. failing to take proper and necessary preventive measures to prevent continued water/sewer discharges; and

   h. otherwise failing to use due care, as may be disclosed in the course of discovery.

WHEREFORE, Plaintiff, Royal, as subrogee of the Geerlings, respectfully request that judgment be entered in its favor and against Defendant Crown Cleaners, in an

amount in excess of $75,000.00, together with interest from the date of the loss, and such further relief as the Court may allow.

### COUNT V– TRESPASS – CROWN CLEANERS

26. Plaintiff incorporates its previous averments, by reference.

27. The water/sewage discharge and resulting damage constitutes trespass, for which Defendant Crown Cleaners is liable.

WHEREFORE, Plaintiff Royal, as subrogee of the Geerlings, respectfully request that judgment be entered in its favor and against Defendant Crown Cleaners, in an amount in excess of $75,000.00, together with interest from the date of the loss, and such further relief as the Court may allow.

### COUNT VI– NUISANCE – CROWN CLEANERS

28. Plaintiff incorporates its previous averments, by reference.

29. The water/sewage discharge and resulting damage constitutes a nuisance, which Defendant Crown Cleaners caused and/or allowed to exist and for which defendant is liable.

WHEREFORE, Plaintiff Royal, as subrogee of the Geerlings, respectfully request that judgment be entered in its favor and against Defendant Crown Cleaners, in an amount in

excess of $75,000.00, together with interest from the date of the loss, and such further relief as the Court may allow.

Respectfully submitted,

BY: _____
PATRICK J. LOFTUS, III, ESQUIRE
BBO# 303310
9 Park Street
Suite 500
Boston, MA 02108
(617) 723-7770

Attorney for Plaintiff

CO-COUNSEL:

JAMES P. CULLEN, JR., ESQUIRE
COZEN O'CONNOR
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4102