UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROYAL AND SUNALLIANCE USA, INC., )
As subrogee of HUIB and BRENDA GEERLINGS )
    Plaintiff, )
  )
v. )  C.A. No.: 04-10331JLT
  )
127 CHARLES STREET CONDOMINIUM )
ASSOCIATION TRUST; and )
CROWN CLEANERS, INC. )
    Defendants. )

## ANSWER AND CROSSCLAIM OF THE DEFENDANT, CROWN CLEANERS, INC., TO THE PLAINTIFF'S COMPLAINT

The defendant, Crown Cleaners, Inc. ("the defendant"), hereby responds to each and every corresponding paragraph of the plaintiff's Complaint as follows:

### THE PARTIES

1. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, denies the same.

2. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, denies the same.

3. The allegations contained in this paragraph of the plaintiff's Complaint do not pertain to this defendant and, therefore, no response is required.

4. The defendant admits the allegations contained in this paragraph of the plaintiff's Complaint.

## JURISDICTION AND VENUE

5. The defendant is without knowledge or information sufficient to determine the truth of the factual assertions contained in this paragraph and, therefore, is unable to confirm whether this Court has jurisdiction over this case. The defendant calls upon plaintiff to prove same.

6. The defendant is without knowledge or information sufficient to determine the truth of the factual assertions contained in this paragraph and, therefore, is unable to confirm whether venue is proper or whether this Court has jurisdiction over this case. The defendant calls upon plaintiff to prove same.

## FACTUAL ALLEGATIONS

7. The defendant incorporates by references its preceding responses to the plaintiff's Complaint as though expressly set forth herein.

8. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, denies the same.

9. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, denies the same.

10. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, denies the same.

11. The defendant admits that it occupied Unit 1, located on the ground floor of 127 Charles Street, Boston, Massachusetts, at which it operated a dry cleaning and laundry store, but denies the remaining allegations contained in this paragraph of the plaintiff's Complaint.

12. The defendant admits that there is a wall that serves both the space used by this defendant and the space that the Complaint purports to identify as the "Geerling residence," but denies the remaining allegations contained in this paragraph of the plaintiff's Complaint.

13. The defendant admits that there was a discharge of a liquid substance on June 19, 2003 at 127 Charles Street, but is without knowledge or information sufficient to determine the truth of the remaining allegations contained in this paragraph of the plaintiff's Complaint, and, therefore, denies the same.

14. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, denies the same.

15. The defendant is without knowledge or information sufficient to determine the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, denies the same.

16. The defendant is without knowledge or information as to the truth of the assertions that the Geerlings submitted a claim to plaintiff Royal and that plaintiff Royal paid any monies to the Geerlings, and, therefore, denies the same. The defendant denies the remaining allegations contained in this paragraph.

17. The defendant denies the allegations contained in this paragraph of the plaintiff's Complaint.

## COUNT I-NEGLIGENCE-DEFENDANT CONDO TRUST

18. The defendant incorporates by references its preceding responses to the plaintiff's Complaint as though expressly set forth herein.

19. The allegations contained in this paragraph of the plaintiff's Complaint do not pertain to this defendant and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are expressly denied.

## COUNT II-TRESPASS-DEFENDANT CONDO TRUST

20. The defendant incorporates by references its preceding responses to the plaintiff's Complaint as though expressly set forth herein.

21. The allegations contained in this paragraph of the plaintiff's Complaint do not pertain to this defendant and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are expressly denied.

## COUNT III-NUISANCE-DEFENDANT CONDO TRUST

22. The defendant incorporates by references its preceding responses to the plaintiff's Complaint as though expressly set forth herein.

23. The allegations contained in this paragraph of the plaintiff's Complaint do not pertain to this defendant and, therefore, no response is required. To the extent that this paragraph may be construed as setting forth any allegations against this defendant, they are expressly denied.

## COUNT IV-NEGLIGENCE-DEFENDANT CROWN CLEANERS

24. The defendant incorporates by references its preceding responses to the plaintiff's Complaint as though expressly set forth herein.

25. The defendant denies the allegations contained in this paragraph of the plaintiff's Complaint, including each and every one of its sub-parts.

## COUNT V-TRESPASS-DEFENDANT CROWN CLEANERS

26. The defendant incorporates by references its preceding responses to the plaintiff's Complaint as though expressly set forth herein.

27. The defendant denies the allegations contained in this paragraph of the plaintiff's Complaint.

## COUNT VI-NUISANCE-DEFENDANT CROWN CLEANERS

28. The defendant incorporates by references its preceding responses to the plaintiff's Complaint as though expressly set forth herein.

29. The defendant denies the allegations contained in this paragraph of the plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

The defendant, having denied each and every allegation contained in the plaintiff's Complaint not expressly admitted above, states its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint and each respective count thereof fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If the plaintiff suffered damages as alleged, then such damages may have been caused by the plaintiff's and/or its subrigor's own contributory and/or comparative negligence, and the plaintiff is either barred from recovery or, in the alternative, any recovery by the plaintiff should be reduced by the proportion of said comparative negligence pursuant to M.G.L. c. 231, sec. 85.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff has suffered damages as alleged, which the defendant expressly denies, then the plaintiff cannot recover more than an equitable share, and cannot recover more than an equitable share from this defendant.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of unclean hands, latches and waiver.

## FIFTH AFFIRMATIVE DEFENSE

If the plaintiff suffered damages as alleged, which the defendant expressly denies, then said damages were caused by the acts of a third person(s) over whom the defendant had no control, and for whom the defendant is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that this Court lacks subject matter jurisdiction over the plaintiff's claims and/or personal jurisdiction over the defendant, this case should be dismissed.

## CROSSCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, the defendant, Crown Cleaners, Inc. ("Crown Cleaners"), asserts the following crossclaim against the co-defendant, 127 Charles Street Condominium Trust:

## COUNT I: INDEMNIFICATION

1. In its Complaint, the plaintiff alleges that it suffered damages as a result of water and sewer discharge at the property located at 127 Charles Street, Boston, Massachusetts ("the property").

2. Upon information and belief, the property is subject to a Master Deed, the terms of which are incorporated by reference. Pursuant to the terms of the Master Deed, the common areas, utilities and facilities are owned, operated, managed and/or maintained by the co-defendant, 127 Charles Street Condominium Trust.

3. The damages allegedly sustained by the plaintiff were not proximately caused in whole or in part by any acts or omissions on the part of Crown Cleaners. Any alleged liability of Crown Cleaners is vicarious, constructive and derivative of the acts and/or omissions of the co-defendant, 127 Charles Street Condominium Trust.

4. If the plaintiff was injured as alleged in its Complaint, which Crown Cleaners expressly denies, then such injuries were proximately caused solely, predominantly and/or in part by the acts, omissions and/or negligence of the co-defendant, 127 Charles Street Condominium Trust.

WHEREFORE, the crossclaim plaintiff, Crown Cleaners, Inc., demands judgment against the crossclaim defendant, 127 Charles Street Condominium Trust, to defend, hold harmless and indemnify Crown Cleaners for any and all liabilities that Crown Cleaners has incurred or will incur under general principals of common law indemnification, and for express and/or implied contract-based indemnification, plus interest, costs and attorney's fees.

## COUNT II: CONTRIBUTION

5. Crown Cleaners incorporates by reference the allegations contained in the preceding paragraphs of this crossclaim as though expressly set forth herein.

6. If Crown Cleaners is found to be legally liable to the plaintiff, which Crown Cleaners expressly denies, then such liability, if any, is attributable to the acts, errors and omissions of the co-defendant, 127 Charles Street

Condominium Trust for which the Crown Cleaners is entitled to contribution for its pro rata share of any liability to the plaintiff.

WHEREFORE, defendant and crossclaim plaintiff, Crown Cleaners, Inc., respectfully demands judgment against the crossclaim defendant for contribution for its pro rata share of any liability to the plaintiff, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

### THE DEFENDANT/PLAINTIFF-IN-CROSSCLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN.

The Defendant/Plaintiff-in-Crossclaim,
CROWN CLEANERS, INC.
By its attorneys,

Edward D. Shoulkin
B.B.O. #555483
Timothy E. Bray
B.B.O. #652398
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire, 5th Floor
Boston, MA 02109
(617) 654-8200

### CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, attorney for Crown Cleaners, Inc. hereby certify that on April 8, 2004, I served a copy of the Answer and Crossclaim of the Defendant, Crown Cleaners, Inc., to the Plaintiff's Complaint by regular mail, by mailing same, postage prepaid, to all counsel of record and/or parties who have entered appearances in this case.

Edward D. Shoulkin

9