UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUN -1 P 3: 30
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROYAL AND SUNALLIANCE USA, INC., As subrogee of HUIB and BRENDA GEERLINGS ) ) ) ) Plaintiff, ) ) v. ) 127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST ) ) ) ) ) and ) ) CROWN CLEANERS, INC. ) ) Defendants ) | C. A. NO. 04 CV 10331 JLT |

### ANSWER AND CROSSCLAIM OF DEFENDANT, 127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST

#### FIRST DEFENSE

The defendant, 127 Charles Street Condominium Association Trust, make its answer to the allegations contained in the numbered paragraphs of the plaintiff's Complaint as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies those allegations.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies those allegations.

3. The defendant admits it is a lawful condominium association, but otherwise denies the allegations contained in Paragraph 3 of the plaintiff's complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies those allegations.

5. Paragraph 5 contains no allegations against the defendant and therefore requires no responsive pleading. To the extent a response may be required, the defendant denies.

6. Paragraph 6 contains no allegations against the defendant and therefore requires no responsive pleading. To the extent a response may be required, the defendant denies.

7. The defendant repeats and reavers its responses to Paragraphs 1 through 6 of the plaintiff's complaint.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies those allegations.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies those allegations.

10. The defendant denies the attempted characterization of its duties with respect to the condominium property at 127 Charles Street and relies upon the applicable condominium documents to define its duties with respect to the subject property.

11. The defendant is informed and believes the allegations to be true.

12. The defendant is informed and believes the allegations to be true.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies those allegations.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies those allegations.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies those allegations.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies those allegations.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies those allegations.

## COUNT I – NEGLIGENCE – DEFENDANT CONDO TRUST

18. The defendant repeats and reavers its responses to Paragraphs 1 through 17 of the plaintiff's complaint.

19. The defendant denies.

## COUNT II – TRESPASS – CONDO TRUST

20. The defendant repeats and reavers its responses to Paragraphs 1 through 19 of the plaintiff's complaint.

21. The defendant denies.

## COUNT III – NUISANCE – CONDO TRUST

22. The defendant repeats and reavers its responses to Paragraphs 1 through 21 of the plaintiff's complaint.

23. The defendant denies.

## COUNT IV – NEGLIGENCE – DEFENDANT CROWN CLEANERS

24-25. Count IV contains no allegations against this defendant and therefore requires no responsive pleading. To the extent these allegations may be construed against the defendant, the defendant denies.

## COUNT V – TRESPASS – DEFENDANT CROWN CLEANERS

26-27 Count V contains no allegations against this defendant and therefore requires no responsive pleading. To the extent these allegations may be construed against the defendant, the defendant denies.

## COUNT VI – NUISANCE – DEFENDANT CROWN CLEANERS

28-29  Count VI contains no allegations against this defendant and therefore requires no responsive pleading. To the extent these allegations may be construed against the defendant, the defendant denies.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

If the plaintiff did sustain damages as alleged in the complaint, which is denied, the plaintiff's injuries were caused by and were the proximate result of the acts or omissions of a third person or persons for whose conduct the defendant was not and is not legally responsible.

### FOURTH DEFENSE

The plaintiff is not entitled to maintain this action because the plaintiff, or its subrogors, was not in the exercise of due care at the time set forth in the complaint and the damages alleged were caused in whole or in part by the negligence of the plaintiff, or its subrogors, to a degree greater than any alleged negligence of the defendant.

### FIFTH DEFENSE

If the plaintiff did sustain injuries as alleged in the complaint, which is denied, the negligence of the plaintiff, or its subrogors, contributed to the damages, was greater than any negligence of the defendant, and thus bars the recovery of any damages in this action.

### SIXTH DEFENSE

If the plaintiff did sustain damages as alleged in the complaint, which is denied, the negligence of the plaintiff, or its subrogors, contributed to those damages and thus any damages recovered should be reduced in proportion to any negligence of the plaintiff, or its subrogors.

## SEVENTH DEFENSE

The plaintiff's claim fails to state a claim upon which relief can be granted against the defendant as the defendant did not have either constructive or actual notice of any defect or problem with the water and/or sewer lines at issue.

## EIGHTH DEFENSE

The plaintiff's recovery is barred or diminished by the provisions of M.G.L. c. 231, §85.

## NINTH DEFENSE

The defendant is misnamed.

## TENTH DEFENSE

The Court lacks subject matter jurisdiction.

WHEREFORE, having fully answered, the defendant denies that the plaintiff is entitled to the relief prayed for in the Complaint or to any other relief, and the defendant prays that the Complaint be dismissed, with prejudice, and that its costs thereof be taxed against the plaintiff and that this Court grant any such other further relief to the defendants as it may deem appropriate.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES.

## CROSSCLAIM OF DEFENDANT, 127 CHARLES STREET CONDOMINIUM ASSOCIATION VS. CROWN CLEANERS

Pursuant to F. R. Civ. P. 13, the defendant, 127 Charles Street Condominium Trust, ("127 Charles Street Condominium Trust"), asserts the following crossclaims against the co-defendant, Crown Cleaners, Inc.

## COUNT I: INDEMNIFICATION

1. In its complaint, the plaintiff alleges that it suffered damages as a result of water and sewer discharge at the property.

2. The damages allegedly sustained by the plaintiff were not proximately caused in whole or part by any acts or omissions on the part of 127 Charles Street Condominium Trust. Any alleged liability of 127 Charles Street Condominium Trust is vicarious, constructive and derivative of the acts and/or omissions of the co-defendant, Crown Cleaners, Inc.

3. If the plaintiff was injured as alleged in its complaint, which 127 Charles Street Condominium Trust expressly denies, then such injuries were proximately caused solely, predominantly and/or in part by the acts, omissions, and/or negligence of the co-defendant, Crown Cleaners, Inc.

WHEREFORE, the defendant and crossclaim plaintiff, 127 Charles Street Condominium Trust demands judgment against the crossclaim defendant, Crown Cleaners, Inc., to defend, hold harmless, and indemnify 127 Charles Street Condominium Trust for any and all liabilities that 127 Charles Street Condominium Trust has incurred or will incur under general principles of common law indemnification and for express and/or implied contract-based indemnification, plus interest, costs and attorney's fees.

## COUNT II: CONTRIBUTION

4. 127 Charles Street Condominium Trust incorporates by reference the allegations contained in the preceding paragraphs of this crossclaim as though expressly set forth herein.

5. If 127 Charles Street Condominium Trust is found to be legally liable to the plaintiff, which 127 Charles Street Condominium Trust expressly denies, then such liability, if any, is attributable to the acts, omissions, and/or negligence of the co-defendant, Crown Cleaners, Inc., for which the 127 Charles Street Condominium Trust is entitled to contribution for its *pro rata* share of any liability to the plaintiff.

WHEREFORE, the defendant and crossclaim plaintiff, 127 Charles Street Condominium Trust, demands judgment against the crossclaim defendant, Crown Cleaners, Inc., for contribution for its *pro rata* share of any liability to the plaintiff, together with interest, costs, and attorney's fees, and other such relief as this Court deems just and proper.

THE DEFENDANT/PLAINTIFF-IN-CROSSCLAIM CLAIMS A TRIAL BY JURY ON ALL ISSUES.

Defendant,<br>
127 Charles Street Condominium Trust,<br>
By Its Attorney,<br>
<br>
Matthew Mahoney<br>
BBO #549092<br>
Douglas F. Hartman<br>
BBO # 642823<br>
MONAHAN & ASSOCIATES, P.C.<br>
113 Union Wharf<br>
Boston, MA 02109<br>
(617) 227-1500

## CERTIFICATE OF SERVICE

I, Douglas F. Hartman, hereby certify that on this 28th day of May 2004 the foregoing answer has been served by causing a copy of same to be mailed, postage prepaid, directed to . Patrick J. Loftus, 9 Park Street, Suite 500, Boston, MA  02108 and James P. Cullen, Jr., Esq., Cozen O'Connor, The Atrium – Third Floor, 1900 Market Street, Philadelphia, PA  19103.

Douglas F. Hartman

127charles/Answer