FILED
IN CLERKS OFFICE

2004 JUN -8  A II: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROYAL AND SUNALLIANCE USA, INC., As subrogee of HUIB and BRENDA GEERLINGS<br>Plaintiff,<br><br>v.<br><br>127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST; and<br>CROWN CLEANERS, INC.<br>Defendants. | C.A. No.: 04-10331JLT |

## ANSWER OF CROWN CLEANERS, INC., TO THE CROSSCLAIM OF 127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST

The defendant-in-crossclaim, Crown Cleaners, Inc. ("Crown Cleaners") hereby responds to each and every corresponding paragraph contained in the crossclaim of the plaintiff-in-crossclaim, 127 Charles Street Condominium Association Trust ("The Trust") as follows:

### COUNT I: INDEMNIFICATION

1. Crown Cleaners admits the allegations contained in this paragraph of the crossclaim.

2. Crown Cleaners denies the allegations contained in this paragraph of the crossclaim.

3. Crown Cleaners denies the allegations contained in this paragraph of the crossclaim.

### COUNT II: CONTRIBUTION

4. Crown Cleaners incorporates by reference its responses to the allegations contained in the preceding paragraphs of The Trust's crossclaim as though expressly set forth herein.

5. Crown Cleaners denies the allegations contained in this paragraph of the crossclaim.

## AFFIRMATIVE DEFENSES

Crown Cleaners, having denied each and every allegation contained in the crossclaim not expressly admitted above, raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Trust's Crossclaim and each respective count thereof fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If the Trust suffered damages as alleged, then such damages may have been caused by the plaintiff's and/or its subrigor's and/or The Trust's own contributory and/or comparative negligence, thereby barring any potential recovery or from Crown Cleaners, in the alternative, any recovery should be reduced by the proportion of said comparative negligence pursuant to M.G.L. c. 231, sec. 85.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff or The Trust suffered damages as alleged, which Crown Cleaners expressly denies, then the plaintiff and The Trust cannot recover more than an equitable share, and cannot recover more than an equitable share from Crown Cleaners.

### FOURTH AFFIRMATIVE DEFENSE

The Trust's claims are barred by the doctrines of unclean hands, latches and waiver.

### FIFTH AFFIRMATIVE DEFENSE

If the plaintiff and/or The Trust suffered damages as alleged, which Crown Cleaners expressly denies, then said damages were caused by the acts of a third person(s) over whom Crown Cleaners had no control, and for whom Crown Cleaners is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that this Court lacks subject matter jurisdiction over the plaintiff's and The Trust's claims and/or personal jurisdiction over the defendant, this case should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

The Trust cannot recover to the extent that it has released Crown Cleaners from all claims it may have had against Crown Cleaners.

## EIGHTH AFFIRMATIVE DEFENSE

Crown Cleaners states that The Trust's claims against Crown Cleaners are barred in whole or in part by the terms of an agreement and/or master deed between them.

## NINTH AFFIRMATIVE DEFENSE

The Trust's crossclaims are barred to the extent that The Trust has failed to join an indispensable party or parties to this action.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Crown Cleaners states that it has asserted a crossclaim against The Trust for contribution and indemnification, which claims are incorporated by reference into this Answer, and such crossclaim constitutes a complete defense to The Trust's crossclaims claims against Crown Cleaners, such that The Trust's crossclaim should be dismissed with prejudice and any claims and disputes between Crown Cleaners and The Trust are to be governed subject to the resolution of Crown Cleaners' crossclaim.

## ELEVENTH AFFIRMATIVE DEFENSE

Crown Cleaners incorporates by reference its affirmative defenses from its Answer to the plaintiff's Complaint.

### CROWN CLEANERS, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN.

<div style="margin-left: 3em;">

The Defendant-in-Crossclaim,
CROWN CLEANERS, INC.
By its attorneys,

_____
Edward D. Shoulkin
B.B.O. #555483
Timothy E. Bray
B.B.O. #652398
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire, 5th Floor
Boston, MA 02109
(617) 654-8200

</div>

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, attorney for Crown Cleaners, Inc. hereby certify that on June 8, 2004, I served a copy of the Answer of Crown Cleaners, Inc., to the Crossclaim of 127 Charles Street Condominium Association Trust by hand-delivering same to all counsel of record.

_____
Edward D. Shoulkin