FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUL -1  A 11: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROYAL AND SUNALLIANCE USA, INC., <br> As subrogee of HUIB and BRENDA GEERLINGS <br><br> Plaintiff, <br><br> v. <br><br> 127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST <br><br> and <br><br> CROWN CLEANERS, INC. <br><br> Defendants | C. A. NO. 04 CV 10331 JLT |

## ANSWER OF 127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST TO DEFENDANT CROWN CLEANERS, INC.'S CROSS-CLAIM

### FIRST DEFENSE

The Defendant, 127 Charles Street Condominium Association Trust, makes its answer to the allegations contained in the numbered paragraphs of the Defendant, Crown Cleaners, Inc.'s, Cross-Claim as follows:

### COUNT I: INDEMNIFICATION

1. The Defendant admits.

2. The Defendant admits that the property at 127 Charles Street is subject to a Master Deed. The Defendant denies the attempted characterization of its duties and relies on the full terms and conditions of the Master Deed.

3. The Defendant denies.

4. The Defendant denies.

## COUNT II: CONTRIBUTION

5. The defendant repeats and reavers its responses to Paragraphs 1 through 4 of the Defendant Crown Cleaner's Cross-Claim.

6. The Defendant denies.

## SECOND DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

If the plaintiff did sustain damages as alleged in the complaint, which is denied, the plaintiff's injuries were caused by and were the proximate result of the acts or omissions of a third person or persons for whose conduct the defendant was not and is not legally responsible.

## FOURTH DEFENSE

The plaintiff is not entitled to maintain this action because the plaintiff, or its subrogors, was not in the exercise of due care at the time set forth in the complaint and the damages alleged were caused in whole or in part by the negligence of the plaintiff, or its subrogors, to a degree greater than any alleged negligence of the defendant.

## FIFTH DEFENSE

If the plaintiff did sustain injuries as alleged in the complaint, which is denied, the negligence of the plaintiff, or its subrogors, contributed to the damages, was greater than any negligence of the defendant, and thus bars the recovery of any damages in this action.

## SIXTH DEFENSE

If the cross-claim plaintiff did sustain damages as alleged in the complaint, which is denied, the negligence of the cross-claim plaintiff contributed to those damages and thus any damages recovered should be reduced in proportion to any negligence of the cross-claim plaintiff.

## SEVENTH DEFENSE

The plaintiff's claim fails to state a claim upon which relief can be granted against the defendant as the defendant did not have either constructive or actual notice of any defect or problem with the water and/or sewer lines at issue.

## EIGHTH DEFENSE

The Cross-Claimant's recovery is barred or diminished by the provisions of M.G.L. c. 231, §85.

## NINTH DEFENSE

The defendant is misnamed.

## TENTH DEFENSE

The Court lacks subject matter jurisdiction.

## ELEVENTH DEFENSE

The Defendant incorporates by reference as if fully set forth herein its defenses in its Answer to the Plaintiff's Complaint.

WHEREFORE, having fully answered, the defendant denies that the cross-claim plaintiff is entitled to the relief prayed for in the Cross-Claim or to any other relief, and the defendant prays that the Cross-Claim be dismissed, with prejudice, and that its costs thereof be taxed against the Cross-Claim plaintiff and that this Court grant any such other further relief to the defendant as it may deem appropriate.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES.

> Defendant,
> 127 Charles Street Condominium Trust,
> By Its Attorney,
>
> _/s/ Matthew Mahoney_
> Matthew Mahoney
> BBO #549092
> Douglas F. Hartman
> BBO # 642823
> MONAHAN & ASSOCIATES, P.C.
> 113 Union Wharf
> Boston, MA 02109
> (617) 227-1500

## CERTIFICATE OF SERVICE

I, Douglas F. Hartman, hereby certify that on this 30th day of June, 2004 the foregoing answer has been served by causing a copy of same to be mailed, postage prepaid, directed to . Patrick J. Loftus, 9 Park Street, Suite 500, Boston, MA 02108, James P. Cullen, Jr., Esq., Cozen O'Connor, The Atrium – Third Floor, 1900 Market Street, Philadelphia, PA 19103 and Edward D. Shoulkin, Taylor, Duane, Barton & Gilman, LLP, 111 Devonshire, 5th Floor, Boston, MA 02109.

Douglas F. Hartman

127charles/AnswerCrossClaim