UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROYAL AND SUNALLIANCE USA, INC., )
As subrogee of HUIB and BRENDA GEERLINGS )
      Plaintiff, )
)
v. )  C.A. No.: 04-10331JLT
)
127 CHARLES STREET CONDOMINIUM )
ASSOCIATION TRUST, and )
CROWN CLEANERS, INC. )
      Defendants. )

## INTERROGATORIES OF THE DEFENDANT, CROWN CLEANERS, INC., TO CO-DEFENDANT, 127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST

### Instructions

The following interrogatories are propounded in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. Accordingly, the terms used in the foregoing interrogatories shall incorporate by reference the definitions ascribed to these terms by Local Rule 26.5.

### Interrogatories

Pursuant to Local Rule 26.5(C)(3), please identify the person(s) providing the answers to these interrogatories and the person signing the answers on behalf of 127 CHARLES STREET CONDOMINIUM ASSOCIATION TRUST (hereinafter "the Trust").

### INTERROGATORY NO. 1

If the Trust expects to call any expert witness at trial, please state for each such expert:

    a.    the expert's name, address and occupation;

    b.    the subject matter on which the expert is expected to testify;

      c      the substance of all facts and opinions to which the expert is expected to testify; and

      d.      a summary of the grounds for each such opinion of the expert.

### INTERROGATORY NO. 2

Pursuant to Local Rule 26.5(C)(8), state the basis for the Trust's claim or allegation in Paragraph 3 of its crossclaim that "acts, omissions and/or negligence" of Crown Cleaners caused the plaintiff's alleged injuries.

### INTERROGATORY NO. 3

Pursuant to Local Rule 26.5(C)(8), state the basis for the Trust's claim or allegation in Count I of the crossclaim for "express and/or implied contract-based indemnification."

### INTERROGATORY NO. 4

Pursuant to Local Rule 26.5(C)(8), state the basis for the Trust's claim or allegation in Count I of the crossclaim for "common law indemnification."

### INTERROGATORY NO. 5

Pursuant to Local Rule 26.5(C)(8), state the basis for the Trust's claim or allegation in Count II of the crossclaim for contribution.

### INTERROGATORY NO. 6

Pursuant to Local Rule 26.5(C)(1), (6) and (7), for each and every communication between the Trust and any other person concerning any of the plaintiff's claims, please state:

      a.      the identities of all persons participating in and/or present for each such communication;

      b.      the date, location and nature of each sick communication (i.e. meeting, telephone conversation, correspondence, email, etc.);

      c.      the substance, in detail, of each such communication indicating what each person said or wrote in such communication; and

      d.      identify all documents describing, evidencing or constituting each such communication.

## INTERROGATORY NO. 7

Pursuant to Local Rule 26.5(C)(3), identify each person who has knowledge of the cause(s) of the discharge from the water and sewer discharge as alleged in Paragraph 1 of the crossclaim.

## INTERROGATORY NO. 8

Pursuant to Local Rule 26.5(C) (1), (6) and (7), for each and every communication between the Trust and any other person concerning any of the Trust's claims, please state:

    a.    the identities of all persons participating in and/or present for each such communication;

    b.    the date, location and nature of each sick communication (i.e. meeting, telephone conversation, correspondence, email, etc.);

    c.    the substance, in detail, of each such communication indicating what each person said or wrote in such communication; and

    d.    identify all documents describing, evidencing or constituting each such communication.

## INTERROGATORY NO. 9

With respect to each element of damages of any and every nature for which the Trust seeks to recover in this action, please:

    a.    identify the amount of each and every element or item of such damages;

    b.    set forth all facts and/or assumptions and/or projections which form any part of the basis of the amount of damages sought;

    c.    set forth the date on which each such element or item of damages was incurred;

    d.    set forth with a complete explanation of how said damage amount was calculated;

    e.    identify each and every document and each and every communication that refers to, relates to or contains information concerning such damages or that you used to calculate or derive said damage amount; and

f.  identify each and every person who has knowledge of any of the facts upon which such damages or calculation thereof is based.

## INTERROGATORY NO. 10

Please describe each and every incident or report of any problem, damage, repair, complaint and/or upgrade to any of the plumbing and sewer pipes and systems at 127 Charles Street prior to the incident described in the plaintiff's Complaint, including a description and location of each, the dates thereof, the responses or actions taken, the names of all persons with knowledge of each, and how each such matter was repaired or resolved.

## INTERROGATORY NO. 11

Describe all communications between Crown Cleaners and the Trust regarding the alleged water and/or sewage discharge about which the plaintiff complains?

## INTERROGATORY NO. 12

Please describe all actions taken by the Trust to investigate and repair the cause of the water and/or sewage discharge described in the plaintiff's Complaint.

The Defendant,
CROWN CLEANERS, INC.
By its attorneys,

_____
Edward D. Shoulkin
BBO #555483
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8200

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, Esq., hereby certify that on July 2, 2004, I served a copy of the foregoing document by mailing same postage pre-paid to all counsel of record.

_____
Edward D. Shoulkin

4